**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-55-DLB**

**AMY LOWE** **PLAINTIFF**

**v.** **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

*** *** *** ***

Plaintiff has brought this action pursuant to 42 U.S.C. 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be **affirmed**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on April 15, 2021, alleging disability beginning on August 1, 2017, due to rheumatoid arthritis, asthma, high blood pressure, hypertension, high cholesterol, epilepsy, fibromyalgia, pancreatitis, bipolar disorder, depression, endocarditis and osteomyelitis (Tr. 193). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Christina Hajjar (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Karen Krull, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. '416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. ' 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 17-31). Plaintiff was 49 years old when she filed for disability. She completed three years of college (Tr. 216). Her past relevant work experience consists of work as a painter and general manager (Tr. 20, 217).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffers from epilepsy, migraines, left shoulder nonunion of the distal clavicle, depressive disorder, anxiety disorder and bipolar disorder which he found to be "severe" within the meaning of the Regulations (Tr.

20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20-23).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 30) but determined that she has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c) except that she:

> can never climb ladders, ropes, and scaffolds. She can tolerate occasional exposure to extreme cold, atmospheric conditions and she must avoid all hazards such as unprotected heights and moving machinery, and motor vehicle operations. The claimant can perform simple tasks, with occasional independent decision making; she can interact occasionally with supervisors and coworkers; she can interact occasionally with public, and she can deal with occasional changes in work setting. The claimant cannot reach overhead with non-dominant left upper extremity. She can frequently reach in other directions with left upper extremity, and she is limited to 10 pounds with left upper extremity.

(Tr. 23-24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 31).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Briefs in support of their positions (*see* Docs. # 12 & 16), and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as Asuch relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner=s decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff asserts that the ALJ failed to account for the total limiting effects of her impairments. Specifically, she argues that the ALJ did not properly evaluate the opinions of treatment provider Vanessa Flannery, APRN and consultative examiner Susan Sloan, APRN/FNP-C. Plaintiff also contends that the ALJ erred by citing no evidence pertaining to her mental health in the analysis.

**C. Analysis of Contentions on Appeal**

The ALJ is required to "articulate how he or she considered the medical opinions and prior administrative medical findings." 20 C.F.R. § 404.1520c(a). The ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) supportability (2) consistency (3) relationship with the claimant (which includes) (i) length of the treatment relationship (ii) frequency of examinations (iii) purpose of the treatment relationship (iv) extent of the treatment relationship (v) examining relationship (4) specialization (5) other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

At a minimum, the ALJ must explain how he or she considered the supportability and consistency of a source's medical opinion(s), but generally is not required to discuss other factors. 20 C.F.R. § 404.1520c(b)(2). According to the regulation, the more consistent a medical opinion is with the evidence from other medical and nonmedical sources, the more persuasive the medical opinion will be. This is the consistency standard. And the regulation specifies that the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion, the more persuasive the medical opinion will be. This is the supportability standard. *See* 20 C.F.R. § 404.1520(c)(1)-(2).

In her May 2021 medical source statement, APRN Flannery opined that, in which she opined that Plaintiff was able to stand/walk and to sit for only up to two hours, lift less than ten pounds; could never crouch/squat; had significant limitations in reaching, handling, and fingering; was incapable of even low-stress jobs; and would be absent more than four days per month as a result of her impairments (Tr. 692-94). The ALJ was not

persuaded by this opinion of extremely limited functioning, finding that it was inconsistent with APRN Flannery's concession that she had only seen Plaintiff on two occasions and was "unsure" how to characterize her symptoms. (Tr. 28, 691). The ALJ further noted that this opinion was supported by or consistent with other evidence in the record. The ALJ's assessment of APRN Flannery's opinion tracks the pertinent regulations. The ALJ discussed supportability and consistency and stated his reasons for discounting the opinion. The Court finds no error in this regard.

NP Sloan conducted a consultative examination of Plaintiff in January 2022, in which she opined that that Plaintiff might encounter difficulty with bending, squatting, kneeling, climbing stairs or ladders, repetitively performing fine motor movements, working at heights or near machinery, operating a motor vehicle, or being left alone for more than 30 minutes (Tr. 28, 892). She also noted that Plaintiff demonstrated equal breath sounds and chest expansion; good muscle bulk and tone; full ranges of motion in all joints; negative straight leg raises; steady gait and station; an ability to heel/toe walk and to ambulate without an assistive device; normal muscle strength in all major muscle groups; a normal knee squat; full (5/5) grip strength, intact fine manipulation and dexterous movement in each hand, and good manual dexterity (Tr. 28 (citing Tr. 891). While the ALJ credited this opinion by restricting Plaintiff from certain work hazards, he found the remainder of it to be inconsistent with other evidence in the record. Again, the ALJ's analysis comports with the regulation and, as such, the Court finds no error therein.

As for Plaintiff's assertion that the ALJ did not account for her mental impairments, it lacks merit. The decision is replete with references to and discussions of these

impairments (Tr. 21-23, 25, 27 and 29). Indeed, the ALJ devoted much discussion to the report of consultative examiner Megan Green, Psy. D. (Tr. 21-23) who opined that Plaintiff was capable of understanding, remembering, and carrying out instructions, with mild difficulty in responding appropriately to supervisors and in relating to co-workers, as well as moderate difficulty in sustaining persistence/pace and in adapting to change (Tr. 27, 745).

It appears that Plaintiff merely disagrees with the ALJ. To the extent that Plaintiff suggests that the medical evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed).

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Brief in Support of Social Security Appeal (Doc. # 12) be **OVERRULED**, and the Defendant's Brief in Support of Social Security Appeal (Doc. # 16) be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 17th day of August, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\SocialSecurity\MOOs\Ashland\25-55 Lowe.docx